IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| | § | | |
| v. | § | No. | 3:12-CR-317-L |
| | § | No. | 3:12-CR-413-L |
| BARRETT LANCASTER BROWN | § | No. | 3:13-CR-030-L |

GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States, by and through the undersigned Assistant United States Attorney, respectfully files this Unopposed Motion for a Protective Order, pursuant to Fed. R. Crim. P. 16(d)(1).[1]  The undersigned represents that the defense is in agreement with the wording in the attached "Agreed Protective Order" (Attached as Exhibit A). However, since the government bears the burden of showing good cause for the protective order, it provides the following information.

1.  The charges in two of the three Indictments listed above include threatening a law enforcement agent, soliciting others to gather personal information about the agent and his family (3:12-CR-317-L), possessing and trafficking in stolen credit cards, and engaging in aggravated identity theft (3:13-CR-030-L).

---

1   Fed. R. Crim. P. 16(d)(1) is entitled *Protective and Modifying Orders* and provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal."

**Government's Motion For Protective Order - Page 1**

2. The evidence provided to the defense in discovery, specifically the electronic data from the computers, has not been redacted. The evidence is replete with personal identifiers and confidential, sensitive, and financial information of the individuals whose identities, credit card information, and communications were stolen or possessed without permission. Accordingly, although defendant Brown is entitled to review the material with his attorneys[2] for the purpose of preparing his defense(s), the government requests that defendant Brown and his attorneys not be allowed to publicize, disseminate, or retain after the resolution of the criminal cases any of the "Protected Material,"[3] without first seeking permission from this Court.

3. The evidence referenced herein consists of data subpoenaed or voluntarily provided to the government, and data obtained through search warrants. Some of the data comes directly from Brown's computers (or other data storage devices). In his computers, Brown downloaded, received, and/or maintained data constituting "Protected Material." Brown's computer logged most of his Internet Relay Chat (IRC) discussions and private messages with other individuals and/or coconspirators. Within those IRC communications, Brown received from other individuals and/or coconspirators "Protected

---

[2] The term "attorneys" also includes each attorney's employees or any individual retained as a member of the defense team.

[3] As used in this motion and in the proposed protective order, the phrase "Protected Material" refers to items provided by the government in discovery to the defense that were stolen or possessed and transferred without permission of the owner of the information, and especially those items containing Social Security numbers, dates of births, physical and email addresses, telephone numbers, driver's license numbers, banking or credit card information, credit card numbers, Card Verification Values (CVV), employment information, online identity information, family information, user identifications, passwords, customer lists, and contents of emails.

**Government's Motion For Protective Order - Page 2**

Material," and at times, provided the "Protected Material" to other individuals and/or coconspirators, knowing that the information was stolen or possessed and transferred without permission of the owner of the information.

4. Fed. R. Crim. P. 16(d)(1) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Supreme Court opined that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).[4]

5. The government's motion for a protective order, so as to prevent unnecessary publication and dissemination of the "Protected Material" contained in the discovery materials, is limited in scope and consistent with this District's position on preventing the inadvertent or inappropriate disclosure of personal data identifiers. Specifically, in Miscellaneous Order No. 61, the Chief Judge of the Northern District of Texas required that "attorneys must take specific steps to keep personal data identifiers out" of any publically filed transcripts. Also, Fed. R. Crim. P. 49.1 requires the proponent or filer of a document to redact "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual."

---

4   See also *Bittaker v. Woodford*, 331 F.3d 715, 726 (9th Cir.2003) ("The power of courts ... to delimit how parties may use information obtained through the court's power of compulsion is of long standing and well-accepted.").

**Government's Motion For Protective Order - Page 3**

6.     This motion does not intend to limit or restrict the defense team's access to any of the discovery in order to prepare Brown's defense(s); however, it does seek to limit and restrict the dissemination of the "Protected Material" to individuals outside the defense team.  While detained, defendant Brown has and continues to cause case related information to be publicized.  The government seeks to restrict or minimize the further victimization of the individuals whose personal data identifiers and communications were taken, possessed, and disseminated by Brown and/or his coconspirators without the permission of the owner of the information.  The government's obligation to provide discovery to the defense should not negate or undermine the sensitivity or confidentiality of the "Protected Material."[5]

7.     On May 29, 2013, the undersigned informed defense counsel of the government's intention to file the motion.  As of the time of this filing, Brown's lead attorney Ahmed Ghappour agreed with the wording contained in the attached "Agreed Protective Order."

8.     The government requests, and represents that the defense agrees with the wording in the attached "Agreed Protective Order," that this Court issue the attached "Agreed Protective Order" to restrict the dissemination and publication of the "Protected Material"

---

5      The Justice for All Act of 2004 ("Act") confers specific rights on crime victims, including the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The Act provides that "the government may assert the [victims'] rights." 18 U.S.C. § 3771(d). The government herein asserts the privacy rights of the potential victims in this case, and seeks appropriate pretrial relief from this Honorable Court.
       Also, the "trial courts have an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity.... The beneficiaries of this duty include not only the defendant in a given trial.... The vigilance of trial courts against the prejudicial effects of pretrial publicity also protects the interest of the public and the state in the fair administration of criminal justice." *United States v. Brown*, 218 F.3d 415, 423–24 (5th Cir.2000) ( Brown II ) (citations and quotations omitted).

**Government's Motion For Protective Order - Page 4**

(as defined and set forth in the attached "Agreed Protective Order").

            Respectfully submitted,

            SARAH R. SALDAÑA
            UNITED STATES ATTORNEY

            *S/ Candina S. Heath*
            CANDINA S. HEATH
            Assistant United States Attorney
            State of Texas Bar No. 09347450
            1100 Commerce Street, 3rd Floor
            Dallas, Texas   75242
            Tel: 214.659.8600   Fax: 214.767.2846
            candina.heath@usdoj.gov

## CERTIFICATE OF CONFERENCE

   I hereby certify that between May 29, 2013 and June 18, 2013, I discussed the need for and the wording of the proposed protective order with Ahmed Ghappour.   Specifically, on June 4, 2013, Mr. Ghappour, his co-counsel, and I participated in a conference call to discuss the wording of an "Agreed Protective Order."   On June 18, 2013, Mr. Ghappour advised the undersigned that the defense is in agreement with the wording of the attached "Agreed Protective Order."

            *S/ Candina S. Heath*
            CANDINA S. HEATH
            Assistant United States Attorney

## CERTIFICATE OF SERVICE

   I hereby certify that on June 18, 2013, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   The electronic case filing system sent a "Notice of Electronic Filing" to Brown's attorneys of record Ahmed Ghappour, Charles Swift, and Marlo Cadeddu, who consented in writing to accept this Notice as service of this document by electronic means.

            *S/ Candina S. Heath*
            CANDINA S. HEATH
            Assistant United States Attorney