IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | &#124; |
| | &#124;   NO:   3:12-CR-317-L |
| V. | &#124;           3:12-CR-413-L |
| | &#124; |
| | &#124; |
| BARRETT LANCASTER BROWN | |

## GOVERNMENT'S REQUEST TO DISMISS
## BROWN'S FED. R. CRIM. P. 35 MOTION

The defendant's motion must be dismissed for lack of jurisdiction:

The defendant filed a motion requesting relief pursuant to Fed. R. Crim. P. 35.   The

United States of America respectfully requests this Honorable Court to dismiss the

defendant's motion for lack of jurisdiction.   Fed. R. Crim. P. 35(a) provides that "[w]ithin

14[1] days after sentencing, the court may correct a sentence that resulted from arithmetical,

technical, or other clear error."   "As used in this rule, 'sentencing' means the *oral*

*announcement*[2] of the sentence."   (Fed. R. Crim. P. 35(c); Emphasis added.)   This

Honorable Court orally announced the defendant's sentence on January 22, 2015:   The

defendant filed the instant motion twenty (20) days later, thus beyond the statute of

limitations.   Furthermore, the fourteen (14) day statute of limitation applies to the Court's

action, not to the filing of the defense's motion.   *United States v. Higgs*, 504 F.3d 456, 458

(3rd Cir. 2007).   Thus, on February 6, 2015, this Honorable Court lost jurisdiction to

consider the merits of the motion, to act on the motion, or even to "rule" on the motion.

---

[1] In 2009, Fed. R. Crim. P. 35(a) was amended to extend the jurisdiction limitation from 7 days to 14 days.
[2] In 2004, Fed. R. Crim. P. 35(c) was added to clarify the committee's intent that the *oral* announcement of sentencing, as opposed to the physical filing of the judgment, be used as the triggering event to determine the starting point for the Court's limited post-conviction jurisdiction.

**Government's Request to Dismiss Brown's Fed. R. Crim. P. 35 Motion – Page 1**

Therefore the motion must be dismissed for lack of jurisdiction.

The Fifth Circuit Court of Appeals strictly construes Fed. R. Crim. P. 35(a) and (c). *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994); United States v. Bridges, 116 F.3d 1110, 1112-1113 (5th Cir. 1997); *United States v. Hafeez*, 2013 WL 4501065 *1-2 (E. D. La. 2013).   The time period is jurisdiction and cannot be extended. *United States v. Coe*, 482 Fed. Appx. 957 (5th Cir. 2012)(citing *Lopez* 26 F.3d at 5118-23).

<u>The defendant's motion failed to state a cognizable claim:</u>

Assuming arguendo that we can travel back in time and the Court could consider and rule on a Fed. R. Crim. P. 35(a) motion *on or before* February 5, 2015 (the fourteen day deadline), the defendant's motion still fails.   The defendant failed to state a claim cognizable under Fed. R. Crim. P. 35(a), in that in this case, the Court's imposition of the defendant's sentence was *neither arithmetically, technically, nor clearly erroneous*.   Rule 35(a) does not permit the Court simply to recalculate, reconsider, reapply, or reinterpret the sentencing guidelines.   Rule 35(a) does not relax the defense's obligation to present its objections to the sentence imposed (or to be imposed) at or before the sentencing hearing.

The defendant failed to timely object to the order of restitution.   Except for the findings during sentencing hearings, this Honorable Court adopted the Presentence Report (PSR) and the Addendum.   The Court ordered that the defendant pay restitution as prescribed by PSR, i.e.

    Combined Systems - $30,000.00
    Strategic Forecasting Inc. - $815,000.00
    Puckett and Faraj - $42,250.00

When filing his objections to the PSR and to the Addendum, the defendant *failed* to address

or even mention "restitution."   Even when the defendant filed his sentencing memorandum, he *failed* to address or even mention "restitution."   During the verbal pronouncement of the sentence, the undersigned does not recall the defense objecting to the order of restitution.

The defendant misrepresented that the parties 'agreed' to a restitution figure:

The defendant made a couple of serious material misrepresentations in his motion. First, he attempted to re-vive paragraph 13 of the Plea Agreement.   As stated in a prior filing and as acknowledged by the Court during the first sentencing hearing in December 2014, paragraph 13 was an inadvertently included remnant of a previously discussed plea agreement,[3] that being a plea to a violation of 18 U.S.C. § 1029(a)(3).   The paragraph 13 loss figure, of between $10,000 and $30,000, related to the loss associated to the credit cards stolen from Strategic Forecasting Inc.,[4] in the defendant's possession, and used after the defendant posted the link to the file containing the credit cards.   All parties agreed during the hearing in December 2014, that paragraph 5 constituted the agreement between the parties as to the loss.[5]   Specifically, paragraph 5 provided

"[p]ursuant to Fed. R. Crim. P. 11(c)(1)(B), the government recommends that the appropriate sentencing guideline range for a loss relating to Brown's violation of 18 U.S.C. § 3 is more than $400,000.00 but less than $1,000,000.00 based on Strategic Forecasting Inc.'s estimated loss relating to the remediation of its computer system."

3 In the spring of 2013, the government offered the defendant the opportunity to plead guilty to one count from each Indictment, as follows: Count Three of 3:12-CR-317-L; Count Two of 3:12-CR-413-L; and Count One of 3:13-CR-030-L.   Count Two of 3:12-CR-413-L charged a violation of 18 U.S.C. § 1029(a)(3).   The defense countered with a variety of plea options to include violations of 18 U.S.C. § 371 or 1030, etc.   It was not until the spring of 2014 that the terms of the current Plea Agreement were discussed.
4 In most of its motion, the defense misidentifies Strategic Forecasting Inc., calling it Strategic Forces. Another victim not included in the restitution figure was Special Forces Gear.   The defense appears to conflate these two victims.
5 The loss identified in the PSR was in excess of $3,600,000.00.
**Government's Request to Dismiss Brown's Fed. R. Crim. P. 35 Motion – Page 3**

Attachment A, provided *in camera*, identified the expenses incurred by Strategic Forecasting Inc. for the remediation of its computer system due to the unauthorized access constituting the offense underlying the defendant's guilty plea.   The parties understood that the $815,000.00 figure was the maximum loss associated with the unauthorized access of Strategic Forecasting Inc.'s computer systems.   The $815,000.00 figure was broken down by the victim in Attachment A.

Thus, paragraph 13 of the Plea Agreement was not valid and did not affect the Court's order of restitution.   Thus Court's "non-reliance" on paragraph 13 did not and could not constitute error.

As to restitution, the defendant signed the Plea Agreement and initialed each page. In paragraph 4(e), Brown acknowledged that "the Court may order additional restitution arising from all relevant conduct and not limited to that arising from the offense of conviction alone," and that restitution to the victim may be mandatory.

The defendant misrepresented the Plea Agreement's reference to role:

The second serious material misrepresentation was on page 3 when the defense claimed that the Plea Agreement provided that the defendant had a 'minimal' role.   No where in the Plea Agreement did it suggest, infer, or reference the defendant's role as "minimal."   In fact, the defense required a provision that if the government found the loss to be greater than $1,000,000.00 and attempted to withdraw its paragraph 5 recommendation regarding a maximum loss of $1,000,000.00,[5] the defendant would be allowed to withdraw his guilty plea.   This provision is not consistent with the defense's current claim that the parties agreed that the defendant had a "minimal" role.

<u>The restitution order was in accordance with the MRVA:</u>

The defendant questions the restitution order as to Strategic Forecasting Inc., but not as to Combined Systems or Puckett and Faraj.   The defendant's position is inconsistent at best, since all the three victims suffered losses related to an unauthorized access from a jointly undertaken criminal activity by the defendant in concert with others.

In addition to the application of U.S.S.G. § 5E1.1, the Mandatory Restitution to Victims Act (MRVA) under 18 U.S.C. § 3663A-3664 applies in "all sentencing proceedings for convictions of . . . any offense—(B) in which an identifiable victim or victims has suffered . . . a pecuniary loss."    A victim is defined under the MRVA at 18 U.S.C. §3663A(a)(2) as:

> a person directly and proximately harmed as a result of the commission
> of an offense for which restitution may be ordered including, in the case of
> an offense that involves as an element a scheme, conspiracy, or pattern
> of criminal activity, any person directly harmed by the defendant's criminal
> conduct in the course of the scheme, conspiracy, or pattern.

The MRVA requires that restitution be ordered to victims in the full amount of each victim's losses as determined by the court, and this Honorable Court ordered such restitution.   The MRVA applies to violations of the 18 U.S.C. § 1030 (unauthorized access), the offense underlying the defendant's conviction for accessory after the fact. *United States v. Phillips*, 477 F.3d 215 (5th Cir. 2007).   The actual losses, as to Strategic Forecasting Inc., were the costs associated with the remediation of its computer systems. Strategic Forecasting Inc. was directly and proximately harmed as a result of the commission of the offense underlying the Accessory count, i.e. the unauthorized access. The harm was caused by a jointly undertaken criminal activity by the defendant in concert

**Government's Request to Dismiss Brown's Fed. R. Crim. P. 35 Motion – Page 5**

with others.   Restitution was properly ordered.

However, this Honorable Court cannot consider the motion on its merits, it must dismiss the motion for lack of jurisdiction.

Respectfully submitted,

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

*/s/ Candina S Heath*
CANDINA S. HEATH
Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, 3rd Floor
Dallas, Texas    75242
Tel: 214.659.8600
Fax: 214.767.2846
candina.heath@usdoj.gov

CERTIFICATE OF SERVICE

I certify that today, February 25, 2015, I filed the government's respons using the Northern District of Texas's electronic filing system (ECF) which will send a notice of filing to all counsel of record.

*/s/ Candina S Heath*
CANDINA S. HEATH
Assistant United States Attorney